IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 10, 2016

**GREGORY EIDSON v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Sumner County**
**No. 303-2012 and 410-2014      Dee David Gay, Judge**

**No. M2015-01657-CCA-R3-HC – Filed August 10, 2016**

In 2012, the Petitioner, Gregory Eidson, pleaded guilty to aggravated assault and attempted second degree murder, and the trial court imposed consecutive sentences of three and eight years, respectively, to be served on Community Corrections.  The Petitioner filed a timely petition for post-conviction relief, which the post-conviction court denied.  This Court affirmed the denial.  *Gregory Eidson v. State*, No. M2012-02482-CCA-R3-PC, 2013 WL 6405782, at *1 (Tenn. Crim. App., at Nashville, Dec. 6, 2013), *perm. app. denied* (Tenn. Mar. 5, 2014).  In 2014, the Petitioner's Community Corrections sentence was revoked, and the trial court ordered the Petitioner to serve his eleven-year sentence in confinement.  After filing several motions and petitions, the Petitioner filed a petition for writ of habeas corpus, which he also termed a second motion to reopen his post-conviction petition, and a motion for correction of an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1.  The trial court entered an order dismissing the petition and motion.  We affirm the trial court's judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and TIMOTHY L. EASTER, JJ., joined.

Gregory Eidson, Pikeville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; L. Ray Whitley, District Attorney General, and C. Ronald Blanton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Facts and Procedural History**

This Court summarized the facts and procedural history of this case in its 2013 opinion as follows:

> [I]t appears from the record that the Petitioner was indicted for aggravated assault, attempted premeditated first degree murder, and resisting arrest. On February 3, 2012, the Petitioner entered "best interest" pleas [FN1] to charges of aggravated assault and attempted second degree murder. Pursuant to the plea agreement, the charge of resisting arrest was dismissed. The Petitioner received an effective eleven-year sentence and was given credit for 469 days of pretrial incarceration. The remainder of the Petitioner's sentence was to be served on community corrections.
>
> The following factual basis was provided to support the Petitioner's pleas: In the early morning hours of October 23, 2010, the Petitioner attacked his uncle, Danny Suttle, outside the home of their mutual friend, Timmy Vanatta. As Mr. Suttle left the house, the Petitioner approached him and, without saying anything to him, began to beat and kick Mr. Suttle for approximately thirty minutes. The Petitioner then poured gasoline over Mr. Suttle and attempted to set him on fire, but was unable to find a lighter. Mr. Suttle crawled under a car to get away from the Petitioner and eventually crawled to his home where he called the police. Mr. Suttle suffered several broken ribs, a punctured lung, and a concussion from the Petitioner's attack.
>
> > [FN1] Because the judgments of conviction are not included in the appellate record it is unclear whether the Petitioner entered pleas of nolo contendere or "best interest" guilty pleas pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
>
> . . . .
>
> At the conclusion of the plea submission hearing, the Petitioner was released on community corrections. On April 25, 2012, the Petitioner filed a petition for post-conviction relief alleging that he received ineffective assistance from his trial counsel and that his "best interest" pleas were not knowingly and voluntarily entered.
>
> . . . .
>
> At the conclusion of the [post-conviction] hearing, the post-

2

conviction court dismissed the Petitioner's petition for post-conviction relief. The post-conviction court concluded that the Petitioner was not a credible witness. The post-conviction court noted that the Petitioner had numerous prior convictions spanning twenty-two years and that the Petitioner had repeatedly "told different versions" of what happened with Mr. Suttle. The post-conviction court found the letters the Petitioner had written to both the prosecutor and trial counsel to be "very convincing" and that they made clear that the Petitioner "wanted to work toward . . . a settlement." The post-conviction court concluded that it was "a strain to believe that [the Petitioner] did anything other than knowingly and voluntarily enter" his "best interest" pleas.

The post-conviction court accredited the testimony of trial counsel over that of the Petitioner. The post-conviction court found that trial counsel thoroughly investigated the case and explored several possible defenses. The post-conviction court stated that it would not second guess trial counsel's tactic of not calling witnesses during a preliminary hearing. The post-conviction court concluded that trial counsel was not ineffective. Instead the post-conviction court stated that trial counsel's performance was "very good" and that he had "represented this client well." The post-conviction court further concluded that had the Petitioner's case gone to trial instead of accepting the plea agreement negotiated by trial counsel, the Petitioner likely "would have gone to the penitentiary for a substantially longer period of time instead of getting released on time served" with the remainder of his sentence to be served on community corrections.

*Eidson*, 2013 WL 6405782, at *1-4.

On appeal, this Court affirmed the dismissal of the Petitioner's petition for post-conviction relief, stating:

The evidence clearly demonstrates that the Petitioner wanted to enter into a plea agreement with the State so that he could be released from jail; therefore, trial counsel's performance had no impact on the voluntariness of the Petitioner's pleas. Furthermore, the evidence established that trial counsel thoroughly investigated the case and explored several possible defenses. The fact that trial counsel did not call any witnesses at the preliminary hearing was a sound trial tactic that we will not second guess on post-conviction review. The fact that three witnesses the Petitioner wanted to call at trial died before the plea submission hearing was outside the control of trial counsel.

3

*Id.* at *5. Although not included in the record before us, it appears that the Petitioner filed a petition for writ of habeas corpus on May 28, 2014. The trial court filed an order on June 9, 2014, dismissing the petition, stating that the Petitioner's judgments were not void. On July 2, 2015, the Petitioner filed a document styled "2nd Petition for Writ of Habeas Corpus and/or 2nd Motion to Reopen Post Conviction Notice of Illegal Sentence pursuant to [Rule 36.1]." In it, he alleged that he had received the ineffective assistance of counsel and that his guilty pleas had been entered involuntarily and unknowingly. The trial court entered an order, stating the following:

> This Court has conducted two (2) separate evidentiary hearings concerning the [Petitioner's] claims. He has not raised a colorable claim to Reopen his Petition for Post-Conviction Relief under T.C.A. § 40-30-117. Therefore, his 2nd Motion to Reopen the Post-Conviction Relief Petition is DENIED. . . . This Court finds that "there is no basis for a Writ of Habeas Corpus" and that "(T)he judgments in this case are not void". [citing order dismissing May 28, 2014 petition for writ of habeas corpus.] . . . On February 3, 2012, the [Petitioner] agreed to accept sentences of three (3) years at 30% and eight (8) years at 30% to run consecutively to each as the result of a plea agreement. These sentences were authorized by the applicable statutes and in compliance with the law. The sentences were not illegal; therefore, [the] Petitioner's Motion to Correct an Illegal Sentence is DENIED.[1]

It is from these judgments that the Petitioner now appeals.

## II. Analysis

On appeal, we discern the Petitioner's issues to be as follows: (1) that he was arrested in violation of his constitutional rights; (2) that he was not properly given his *Miranda* warnings prior to giving a statement; (3) that the State presented evidence at the preliminary hearing that was obtained illegally and thus deprived him of a fair trial; (4) that he received the ineffective assistance of counsel at trial because counsel had a conflict of interest; (5) that his guilty pleas were not knowingly and voluntarily entered; and (6) that he was denied a full and fair hearing on his petition for post-conviction relief. The State responds that none of the Petitioner's claims are cognizable for habeas corpus relief. The State further responds that the trial court did not abuse its discretion when it dismissed the motion to reopen the post-conviction petition because the motion failed to state any grounds for relief that had not already been decided on appeal. The State lastly

---

[1] According to the trial court's order, the Petitioner's Community Corrections sentence was revoked after a hearing on May 9, 2014, and he was ordered to serve his eleven-year sentence in confinement.

4

responds that the Petitioner has failed to demonstrate that his sentences were illegal because they were authorized by statute, and the judgments are not void. The State argues that the trial court's judgment should be affirmed. We agree with the State.

## A. Habeas Corpus

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. §§ 29-21-101, -130 (2014). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review with no presumption of correctness given to the findings and conclusions of the court below. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

It is the petitioner's burden to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000). The petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Archer*, 851 S.W.2d at 165.

The trial court found that there was no basis for the writ of habeas corpus because the Petitioner's judgments were not void. We conclude that the Petitioner has not met his burden of establishing that his judgments are void or that his sentences have expired. Furthermore, none of the Petitioner's claims on appeal are cognizable for habeas corpus relief. *See Russell Leaks v. Bruce Westbrook, Warden*, No. M2014-02324-CCA-R3-HC,

2015 WL 8481926, at *2 (Tenn. Crim. App., at Nashville, Dec. 10, 2015) (stating that the petitioner's claim of unlawful arrest did not entitled him to habeas corpus relief), *perm. app. denied* (Tenn. May 4, 2016); *see also Michael Aaron Pounds v. Roland Colson, Warden,* No. M2012-02254-CCA-R3-HC, 2013 WL 6001951, at *5 (Tenn. Crim. App., at Nashville, Nov. 12, 2013) ("[T]he petitioner's claim of ineffective assistance of counsel, even if true, would render his judgment voidable rather than void; therefore, such an allegation is not a cognizable claim for habeas corpus relief."); *Antonio J. Parker v. Howard Carlton, Warden*, No. E2008-01387-CCA-R3-HC, 2009 WL 3321440, at *2 (Tenn. Crim. App., at Knoxville, Oct. 15, 2009) (stating that a tainted confession would not result in a void judgment); *James Richard Jackson v. State*, No. 03C01-9904-CC-00164, slip op. at 2-3 (Tenn. Crim. App., at Knoxville, Jan. 27, 2000 (stating that claims of the erroneous admission of evidence are not proper claims for habeas corpus relief). Accordingly, we conclude that the trial court properly dismissed the petition. The Petitioner is not entitled to habeas corpus relief.

### B. Motion to Reopen

The Post-Conviction Procedure Act sets forth narrow circumstances in which a petition for post-conviction relief may be reopened. "A petitioner has no appeal as of right from the post-conviction court's denial of a motion to reopen a post-conviction proceeding." *Kenneth Ray Griffin v. State*, No. 2015-00239-CCA-R3-PC, 2015 WL 5064068, at *2 (Tenn. Crim. App., at Knoxville, Aug. 27, 2015), *perm. app. denied* (Tenn. Jan. 21, 2016) (citations omitted). The statute provides that a petitioner may only file a petition to reopen if:

(1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States Supreme Court establishing a constitutional right that was not recognized as existing at the time of trial; or

(2) The claim in the motion is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence,

and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid[.]

T.C.A. § 40-30-117(a)(1)-(3) (2014).

The trial court found that the Petitioner's claims did not meet the criteria of Tennessee Code Annotated section 40-30-117 for reopening a previous petition. We agree that the Petitioner did not establish that his claims were based upon either a newly established constitutional right, new scientific evidence, or that his sentence was enhanced by invalid convictions. The Petitioner's argument that he was denied the right to a full and fair post-conviction hearing does not demonstrate that he is entitled to relief on any of the grounds listed in section 40-30-117(a). Thus, we conclude that the criteria necessary to reopen a previous petition were not present in the Petitioner's case and has not been presented on appeal and that the trial court properly denied his motion to reopen his petition. *See* T.C.A. § 40-30-117.

## C. Rule 36.1

Tennessee Rule of Criminal Procedure 36.1 provides in pertinent part that:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Tenn. R. Crim. P. 36.1(a), (b) (2014).

A "colorable claim" within the language of Rule 36.1 is defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015) (citing *State v. Wooden*, 478 S.W.3d 585, 595-96 (Tenn. 2015)).

7

The trial court found that the Petitioner's sentence was authorized by the applicable statutes and in compliance with the law and was therefore not illegal. We conclude that the Petitioner has not presented a colorable claim under Rule 36.1. The Petitioner also argues that his guilty plea was not "knowingly and voluntarily entered." We find that this claim is also not colorable under Rule 36.1. *State v. Dusty Ross Binkley*, No. M2014-01173-CCA-R3-CD, 2015 WL 2148950, at *4 (Tenn. Crim. App. May 7, 2015) (Rule 36.1 does not apply to constitutional challenges) *no perm. app. filed*; *State v. Jonathan T. Deal*, No. E2014-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014) ("[T]he rule is directed at the sentence finally imposed, not the methodology by which it is imposed."), *no perm. app. filed*.

### III. Conclusion

After a thorough review of the record and the applicable law, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE